U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 MAR 13 P 2: 40

CLERK OF COURT

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

RAVIAH STEPHENS,
Plaintiff,

v.

Case No. 26-C-363

EXPERIAN INFORMATION SOLUTIONS, INC.,
Defendant.

## FIRST AMENDED COMPLAINT
### (Fair Credit Reporting Act – 15 U.S.C. §1681 et seq.)
### AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.
2. Congress enacted the FCRA to ensure that consumer reporting agencies adopt reasonable procedures to assure the maximum possible accuracy of the information contained in consumer credit reports.
3. Consumer reporting agencies play a critical role in the national credit system because lenders rely on credit reports when determining whether to extend credit.
4. Defendant Experian Information Solutions, Inc. ("Experian") is a nationwide consumer reporting agency that assembles and furnishes consumer credit reports to third parties.
5. Experian reported inaccurate, incomplete, and materially misleading information concerning Plaintiff's credit accounts and failed to conduct a reasonable reinvestigation after Plaintiff disputed the inaccurate reporting.
6. As a direct result of Experian's conduct, Plaintiff suffered credit denial, financial harm, damage to credit reputation, and emotional distress.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under federal law.
8. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Plaintiff resides in this District and Defendant conducts substantial business within this District.

## III. PARTIES

9. Plaintiff Raviah Stephens is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c).
10. Plaintiff resides in Milwaukee, Wisconsin.
11. Defendant Experian Information Solutions, Inc. is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).
12. Experian regularly assembles and furnishes consumer credit reports to third parties for credit evaluation purposes.
13. Experian may be served through its registered agent:

CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703.

## IV. FACTUAL ALLEGATIONS REGARDING INACCURATE REPORTING

14. Plaintiff obtained and reviewed his Experian consumer credit report and discovered that several tradelines were reporting derogatory information in a manner that appeared inaccurate, incomplete, inconsistent, and materially misleading. (See Exhibit B – Experian Credit Report.)
15. The inaccuracies include discrepancies relating to account status, payment history, balances, charge-off designations, and the manner in which the accounts are reported to third parties.
16. The disputed accounts appearing on Plaintiff's Experian credit report include the following:

### EDUCATORS CREDIT UNION – Account No. 366833

17. This account is reported with derogatory late payment history, including multiple months of delinquency reporting.
18. Plaintiff disputes the accuracy and completeness of the late payment history appearing on this tradeline.
19. Upon review of the available information, the payment history being reported appears inaccurate, inconsistent, or otherwise materially misleading. The reporting of multiple levels of delinquency creates a misleading representation of the status and history of this account and of Plaintiff's overall creditworthiness.

### KIKOFF LENDING LLC – Account No. CLBCGD

20. This account is reported with a charge-off status and derogatory payment history.
21. Plaintiff disputes the accuracy and completeness of the reporting associated with this tradeline, including the account status, balance information, and payment history.
22. The reporting of a charge-off and the associated delinquency history appears inaccurate, incomplete, or otherwise materially misleading and does not accurately reflect the status of the account.

## NAVY FEDERAL CREDIT UNION – Account No. 500001

23. This account is reported with a charge-off status and significant derogatory payment history.
24. Plaintiff disputes the accuracy, completeness, and reliability of the information being reported regarding this account, including the payment history, account status, and balance.
25. The reporting of extended delinquency and charge-off information creates a materially misleading impression regarding Plaintiff's credit history and creditworthiness.

## OPENSKY CAPITAL BANK – Account No. 462192

26. This account reflects a charge-off status and ongoing derogatory reporting.
27. Plaintiff disputes the accuracy and completeness of the information associated with this tradeline, including the charge-off designation, balance reporting, and payment history.
28. The manner in which the account is reported appears inaccurate, inconsistent, and materially misleading when considered in the context of the account's history.

## SELF FINANCIAL / LEAD BANK – Account No. CRD000

29. This account is reported as "Paid, Closed," yet continues to reflect derogatory late payment information.
30. Plaintiff disputes the accuracy and completeness of the payment history associated with this tradeline.
31. The continued reporting of late payment history in connection with an account that is reported as paid and closed creates a materially misleading representation of the account and Plaintiff's credit profile.

## AUSTIN CAPITAL BANK SSB – Account No. 8A8786

32. This account reflects derogatory payment history, including reported delinquency prior to closure.
33. Plaintiff disputes the accuracy and completeness of the late payment reporting associated with this account.
34. The manner in which the account's payment history and status are reported appears inaccurate, inconsistent, and materially misleading.

## LOQBOX FINANCE LLC – Account No. 197798

35. This account reflects negative payment history that Plaintiff disputes as inaccurate and misleading.
36. The reporting of this information contributes to a materially inaccurate depiction of Plaintiff's credit history.

## LOCKHART MORRIS & MONTGOMERY – Account No. 182155

37. This tradeline is reported as a collection account.
38. Plaintiff disputes the accuracy, completeness, and reliability of the reporting associated with this account, including the balance and the existence and status of the alleged collection account.
39. The reporting of this collection tradeline creates a materially misleading impression regarding Plaintiff's credit obligations.

## KOVO INC. – Account No. 4XXXX

40. This account reflects derogatory information that Plaintiff disputes as inaccurate, incomplete, and misleading.
41. The reporting of this tradeline contributes to an inaccurate representation of Plaintiff's credit history.
42. Collectively, the reporting of these accounts creates a materially misleading portrayal of Plaintiff's credit profile and negatively impacts Plaintiff's ability to obtain credit and financial opportunities.
43. On or about December 5, 2025, Plaintiff mailed a written dispute to Experian pursuant to 15 U.S.C. §1681i requesting that the inaccurate information be reinvestigated and corrected. (See Exhibit A – Notice of Dispute.)
44. Experian received Plaintiff's dispute and was therefore required by federal law to conduct a reasonable reinvestigation of the disputed information.
45. Despite receiving Plaintiff's dispute, Experian verified the disputed information as accurate and continued reporting the derogatory tradelines.
46. Upon information and belief, Experian relied primarily on automated verification procedures, including the Automated Consumer Dispute Verification ("ACDV") process transmitted through the e-OSCAR network, rather than conducting an independent review of underlying account documentation.
47. To the extent Experian relied solely or primarily on automated ACDV/e-OSCAR communications without independently verifying the accuracy of the information being reported, such conduct would not constitute a reasonable reinvestigation under the Fair Credit Reporting Act.
48. Plaintiff subsequently filed a complaint with the Consumer Financial Protection Bureau regarding Experian's failure to properly investigate the disputed information. (See Exhibit C – CFPB Complaint.)
49. As a direct and proximate result of Experian's conduct, Plaintiff was denied credit, including a credit denial from Bank of America. (See Exhibit D – Credit Denial Letter.)
50. Experian's conduct caused Plaintiff financial harm, damage to credit reputation, emotional distress, and loss of credit opportunities.

## COUNT I
### Violation of 15 U.S.C. §1681i
### Failure to Conduct a Reasonable Reinvestigation

51. Plaintiff incorporates all preceding paragraphs.

52. Experian was required to conduct a reasonable reinvestigation after receiving Plaintiff's dispute.
53. Experian failed to conduct a reasonable reinvestigation.
54. Experian verified inaccurate and materially misleading information.
55. Defendant's conduct constitutes negligent and/or willful noncompliance with the FCRA.

## COUNT II
## Violation of 15 U.S.C. §1681e(b)
## Failure to Follow Reasonable Procedures

56. Plaintiff incorporates all preceding paragraphs.
57. Experian must maintain reasonable procedures to assure the maximum possible accuracy of consumer reports.
58. Experian reported inaccurate and misleading information concerning Plaintiff.
59. Experian failed to maintain reasonable procedures to assure maximum possible accuracy.

## V. DAMAGES

60. As a direct and proximate result of Defendant's violations of the Fair Credit Reporting Act, Plaintiff suffered damages including damage to credit reputation, denial of credit, loss of credit opportunities, financial harm, and emotional distress.

## VI. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests that this Court award:**

A. Actual damages pursuant to 15 U.S.C. §1681o in an amount to be determined at trial, but not less than $27,000;

B. Statutory damages pursuant to 15 U.S.C. §1681n;

C. Punitive damages for willful noncompliance with the Fair Credit Reporting Act;

D. Costs of litigation and any other relief the Court deems just and proper;

E. Such additional relief as the Court may deem fair and appropriate.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: _March, 13th_, 2026

Raviah Stephens
7326 W Potomac Ave
Milwaukee, WI 53216
(414) 524-9255
Theeraiway@yahoo.com
Plaintiff, Pro Se

**EXHIBITS**

Exhibit A – Notice of Dispute
Exhibit B – Experian Credit Report
Exhibit C – CFPB Complaint and Response
Exhibit D – Bank of America Denial Letter

3·13·2026