**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| RAVIAH STEPHENS, | |
| Plaintiff, | |
| v. | Civil Case No. 2:26-cv-00363-WCG |
| EXPERIAN INFORMATION SOLUTIONS INC, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Experian Information Solutions, Inc. ("Experian"), by counsel, submits this Memorandum in Support of its Motion to Dismiss the Amended Complaint ("Amended Complaint") filed by Plaintiff Raviah Stephens ("Plaintiff"). For the reasons below, the Court should dismiss the Amended Complaint in its entirety and with prejudice.

**INTRODUCTION**

Plaintiff brings this Fair Credit Reporting Act ("FCRA") action against Experian based on its reporting of nine tradelines on his consumer report. The Amended Complaint asserts that Experian violated 15 U.S.C. §§ 1681e(b) and 1681i by allegedly reporting "inaccurate, incomplete, and materially misleading" information and by purportedly failing to conduct a reasonable reinvestigation of his disputes. But Plaintiff never identifies a single concrete fact in any tradeline that is actually wrong—he does not allege that any account is not his, that any charge-off or delinquency did not occur, that any payment reported as late was made on time, or that any furnisher provided Experian with corrected information that Experian ignored. Instead, he offers

only labels and conclusions that the accounts "appear inaccurate" or "misleading," without factual support.

Because inaccuracy is a threshold requirement for claims under both § 1681e(b) and § 1681i, the absence of any well-pled factual allegation of inaccuracy is fatal to the Amended Complaint. Plaintiff also fails to allege that any supposed inaccuracy resulted from Experian's failure to follow reasonable procedures, or to explain what Experian's procedures are and how they are unreasonable. Likewise, his § 1681i claim rests solely on the assertion that Experian continued to report information he subjectively believes is inaccurate after using its standard ACDV process—allegations that do not show an unreasonable reinvestigation under the FCRA. Finally, while Plaintiff claims he suffered a credit denial and other harms, he does not plausibly connect any specific, false item of information to any alleged injury.

Even affording Plaintiff's *pro se* pleading the most liberal construction, the Amended Complaint consists of nothing more than generalized grievances with accurate negative credit information couched in the language of the FCRA. It fails to state a plausible claim under either § 1681e(b) or § 1681i, and further amendment would be futile. The Court should therefore grant Experian's motion and dismiss the Amended Complaint with prejudice.

### FACTUAL BACKGROUND

Plaintiff alleges that Experian reported "inaccurate, incomplete, and materially misleading" information regarding nine tradelines: Educators Credit Union, Kikoff Lending LLC, Navy Federal Credit Union, OpenSky, Self Financial/Lead Bank, Austin Capital Bank SSB, LOQBOX Finance LLC, Lockhart Morris & Montgomery, and Kovo Inc. Am. Compl. ¶¶ 17-42. Although Plaintiff repeatedly labels these tradelines inaccurate or misleading, he does not allege concrete facts showing that any late payments, charge offs, delinquency statuses, or ownership of

2

the accounts are actually false, or that any payment histories conflict with his own records. Rather, his allegations largely consist of formulaic assertions that the reporting is somehow inaccurate, incomplete, or misleading, without identifying any specific item of objectively incorrect information.

Plaintiff further alleges that on or about December 5, 2025, he sent Experian a written dispute and reinvestigation request under 15 U.S.C. § 1681i, asking Experian to contact furnishers and obtain extensive underlying documentation. *Id*. ¶¶ 43-44. He claims Experian "verified" the information as accurate and continued reporting the tradelines. *Id*. ¶ 45. Plaintiff does not allege that any furnisher failed to respond, that Experian ignored corrected data, or that Experian refused to delete unverifiable information; instead, he claims Experian "relied primarily" on the ACDV process and failed to conduct an "independent review of underlying account documentation." *Id*. ¶ 46. Plaintiff, however, does not allege what "documentation" he submitted to Experian, and, in fact, the exhibits attached to the Amended Complaint suggest that no documentation whatsoever was submitted along with his dispute.

Plaintiff further alleges that he suffered a credit denial from Bank of America, financial harm, reputational damage, and emotional distress. *Id*. ¶¶ 49-50. The denial letter does not identify any challenged Experian tradeline, and Plaintiff pleads no non-conclusory facts linking any specific inaccurate item—as opposed to facially negative but accurate information—to the denial or to any particular injury.

## LEGAL STANDARD

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw reasonable inferences that the defendant is liable for the misconduct alleged." *Iqbal*, at 662. On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true. *Leatherman v. Tarrant Cnty Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (207). However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions are true. *Iqbal*, 556 U.S. at 677-78. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id*. at 678.

Pro se litigants are generally held to a less stringent standards than pleadings drafted by licensed attorneys. *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378 (7th Cir. 1988). While "pro se filings must be construed liberally, ... even pro se litigants must follow the rules of civil procedure." *United States v. Approximately $11,360 in U.S. Currency*, 713 F. Supp. 3d 541, 549 (E.D. Wis. 2024) (quoting *Cunningham v. Foresters Fin. Servs., Inc.*, 300 F. Supp. 3d 1004, 1012 (N.D. Ind. 2018)).

## ARGUMENT

### I. Plaintiff fails to state a claim under § 1681e(b).

A claim under § 1681e(b) requires that a plaintiff plead and prove that: "(1) inaccurate information was included in his consumer credit reports; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible

accuracy; (3) he suffered injury; and (4) the injury was caused by the inclusion of the inaccurate entry." *Hupfauer v. CitiBank, N.A.*, No. 16 C 475, 2016 U.S. Dist. LEXIS 112227, at \*3 (N.D. Ill. Aug. 19, 2016) (quoting *Moline v. Experian Info. Sols., Inc.*, 289 F. Supp. 2d 956, 958 (N.D. Ill. 2003)). Yet, Plaintiff fails to allege any inaccuracy and thus does not state an actionable § 1681e(b) claim.

> **A. Plaintiff fails to plead an inaccuracy in Experian's reporting which obligates dismissal.**

Inaccuracy is a prima facie element of Plaintiff's § 1681e(b) claim. *Mason v. Equifax Info. Servs., LLC*, No. 2:23-cv-388, 2024 U.S. Dist. LEXIS 121884, at \*6 (N.D. Ind. July 10, 2024) (quoting *Chuluunbat v. Experian Info. Sols., Inc.*, 4. F.4th 562, 567 (7th Cir. 2021)) ("A threshold requirement for claims under both sections [1681e(b) and 1681i] is that there must be an inaccuracy in the consumer's credit report."). Plaintiff's Amended Complaint patently fails to state any actionable inaccuracy under the FCRA for any of the tradelines.

> **i. Plaintiff fails to allege an inaccuracy in Experian's reporting of his Educators Credit Union account.**

Plaintiff vaguely alleges this account is "reported with derogatory late payment history, including multiple months of delinquency reporting," claiming it "appears inaccurate, inconsistent, or otherwise materially misleading." Am. Compl. ¶¶ 17, 19. Notably, Plaintiff does not allege any facts establishing which payments were allegedly reported inaccurately and does not even attempt to claim that he made timely payments on the Educators Credit Union account. In fact, he does not specify what, if anything, is inaccurate about Experian's reporting, other than claiming the "derogatory late payment history" is inaccurate and misleading.

This is *per se* insufficient to establish an inaccuracy. *See Hernandez-Diaz v. Equifax Info. Servs.*, No. 22-2302, 2023 U.S. Dist. LEXIS 25368, at \*5 (D. Minn. Feb. 15, 2023) ("General

proclamations of inaccuracies without specific factual allegations results in legal conclusions and is insufficient to survive a motion to dismiss."); *Mason*, 2024 U.S. Dist. LEXIS 121884, at *7-8 (dismissing § 1681e(b) and § 1681i claims because plaintiff failed to "plead specific errors or inaccuracies" in his consumer report); *Bey v. Citibank, N.A.*, No. 20-cv-5211, 2021 U.S. Dist. LEXIS 88758, at *7 (N.D. Ill. May 10, 2021) (dismissing FCRA claim for failure to "describe[] in clear and succinct terms whether he is claiming an inaccuracy and, if so, what it is."); *Frazier v. Equifax Info. Servs.*, No. 24-CV-4711, 2024 U.S. Dist. LEXIS 180162, at *12-13 (E.D. Pa. Oct. 1, 2024) (dismissing FCRA claim because plaintiff "does not allege what information the consumer report should show. That is, [plaintiff] does not make clear whether he was not late on the account at all, or whether he was late, but not sixty days late, or something else."); *Dye v. TransUnion, LLC*, No. 2:13-cv-01094, 2013 U.S. Dist. LEXIS 148834, at *7 (D. Nev. Oct. 15, 2013) (dismissing § 1681e(b) claim because "Plaintiff does not dispute that she was . . . delinquent during the relevant time periods").

### ii. <u>Plaintiff fails to allege an inaccuracy in Experian's reporting of his Kikoff Lending LLC account.</u>

Plaintiff alleges that Experian reported his Kikoff Lending LLC tradeline "with a charge-off status and derogatory payment history." Am. Compl. ¶ 20. He again simply states that this "appears inaccurate, inconsistent, or otherwise materially misleading." *Id*. ¶ 22. Plaintiff does not allege that he made any payments on time or that the account was not charged off, facts that would demonstrate some inaccuracy.

Again, Plaintiff's § 1681e(b) claim fails because he does not plead any facts sufficient to establish an inaccuracy in Experian's reporting of his Kikoff Lending LLC account. *See Hernandez-Diaz*, 2023 U.S. Dist. LEXIS 25368, at *5 ("General proclamations of inaccuracies without specific factual allegations results in legal conclusions and is insufficient to survive

a motion to dismiss."); *Mason*, 2024 U.S. Dist. LEXIS 121884, at *7-8 (dismissing § 1681e(b) and § 1681i claims because plaintiff failed to "plead specific errors or inaccuracies" in his consumer report); *Bey*, 2021 U.S. Dist. LEXIS 88758, at *7 (dismissing FCRA claim for failure to "describe[] in clear and succinct terms whether he is claiming an inaccuracy and, if so, what it is."); *Frazier*, 2024 U.S. Dist. LEXIS 180162, at *12-13 (dismissing FCRA claim because plaintiff "does not allege what information the consumer report should show. That is, [plaintiff] does not make clear whether he was not late on the account at all, or whether he was late, but not sixty days late, or something else."); *Dye,* 2013 U.S. Dist. LEXIS 148834, at *7 (dismissing § 1681e(b) claim because "Plaintiff does not dispute that she was . . . delinquent during the relevant time periods").

### iii. <u>Plaintiff fails to allege an inaccuracy in Experian's reporting of his Navy Federal Credit Union account.</u>

With respect to his Navy Federal Credit Union account, Plaintiff's claims it is being "reported with a charge-off status and significant derogatory payment history." Am. Compl. ¶ 23. He further claims this "creates a materially misleading impression regarding [his] credit history and creditworthiness." *Id*. ¶ 25. Similar to the Kikoff Lending account, Plaintiff does not allege that he made any payments on time or that the account was not charged off, facts that would demonstrate some inaccuracy.

This is again insufficient to establish an inaccuracy in Experian's reporting. *See Hernandez-Diaz*, 2023 U.S. Dist. LEXIS 25368, at *5 ("General proclamations of inaccuracies without specific factual allegations results in legal conclusions and is insufficient to survive a motion to dismiss."); *Mason*, 2024 U.S. Dist. LEXIS 121884, at *7-8 (dismissing § 1681e(b) and § 1681i claims because plaintiff failed to "plead specific errors or inaccuracies" in his consumer report); *Bey*, 2021 U.S. Dist. LEXIS 88758, at *7 (dismissing FCRA claim for failure to "describe[] in clear and succinct terms whether he is claiming an inaccuracy and, if so, what it is."); *Frazier*,

2024 U.S. Dist. LEXIS 180162, at \*12-13 (dismissing FCRA claim because plaintiff "does not allege what information the consumer report should show. That is, [plaintiff] does not make clear whether he was not late on the account at all, or whether he was late, but not sixty days late, or something else."); *Dye*, 2013 U.S. Dist. LEXIS 148834, at \*7 (dismissing § 1681e(b) claim because "Plaintiff does not dispute that she was . . . delinquent during the relevant time periods").

### iv. Plaintiff fails to allege an inaccuracy in Experian's reporting of his OpenSky Capital Bank account.

Plaintiff's claims his OpenSky account "reflects a charge-off status and ongoing derogatory payment history." Am. Compl. ¶ 26. He further alleges this "appears inaccurate, inconsistent, and materially misleading when considered in the context of the account's history." *Id*. ¶ 28. However, he again fails to allege that he made any payments on time or that the account was not charged off, or any facts whatsoever that would suggest Experian's reporting was inaccurate.

This is insufficient to establish an inaccuracy in Experian's reporting. *See Hernandez-Diaz*, 2023 U.S. Dist. LEXIS 25368, at \*5 ("General proclamations of inaccuracies without specific factual allegations results in legal conclusions and is insufficient to survive a motion to dismiss."); *Mason*, 2024 U.S. Dist. LEXIS 121884, at \*7-8 (dismissing § 1681e(b) and § 1681i claims because plaintiff failed to "plead specific errors or inaccuracies" in his consumer report); *Bey*, 2021 U.S. Dist. LEXIS 88758, at \*7 (dismissing FCRA claim for failure to "describe[] in clear and succinct terms whether he is claiming an inaccuracy and, if so, what it is."); *Frazier*, 2024 U.S. Dist. LEXIS 180162, at \*12-13 (dismissing FCRA claim because plaintiff "does not allege what information the consumer report should show. That is, [plaintiff] does not make clear whether he was not late on the account at all, or whether he was late, but not sixty days late, or something else."); *Dye*, 2013 U.S. Dist. LEXIS 148834, at \*7 (dismissing § 1681e(b) claim because "Plaintiff does not dispute that she was . . . delinquent during the relevant time periods").

With respect to Plaintiff's Self Financial/Lead Bank account, Plaintiff alleges that it is "reported as 'Paid, Closed,' yet continues to reflect derogatory late payment information. Am. Compl. ¶ 29. Notably, Plaintiff does not allege how or why this "derogatory late payment information" was inaccurate. Instead, Plaintiff summarily alleges that the reporting "creates a materially misleading representation of the account and Plaintiff's credit profile." *Id*. ¶ 31.

However, this is insufficient to establish an inaccuracy under the FCRA. First, Plaintiff does not allege that he made timely payments or any other information that may suggest Experian's reporting is inaccurate. Second, any late payment notation is reporting in the "payment history" section of his report. *See* ECF No. 5-1, at 10. Plaintiff has not – and cannot – establish that Experian is obligated to remove any accurate payment history based on an account's closure.

Further, in the absence of any factual allegations suggesting that the reported 30-day late notation is inaccurate, Plaintiff cannot establish a § 1681e(b) claim relating to his Self Financial/Lead Bank account. *See Hernandez-Diaz*, 2023 U.S. Dist. LEXIS 25368, at *5 ("General proclamations of inaccuracies without specific factual allegations results in legal conclusions and is insufficient to survive a motion to dismiss."); *Mason*, 2024 U.S. Dist. LEXIS 121884, at *7-8 (dismissing § 1681e(b) and § 1681i claims because plaintiff failed to "plead specific errors or inaccuracies" in his consumer report); *Bey*, 2021 U.S. Dist. LEXIS 88758, at *7 (dismissing FCRA claim for failure to "describe[] in clear and succinct terms whether he is claiming an inaccuracy and, if so, what it is."); *Frazier*, 2024 U.S. Dist. LEXIS 180162, at *12-13 (dismissing FCRA claim because plaintiff "does not allege what information the consumer report should show. That is, [plaintiff] does not make clear whether he was not late on the account at all, or whether he was late, but not sixty days late, or something else."); *Dye*, 2013 U.S. Dist. LEXIS 148834, at *7

(dismissing § 1681e(b) claim because "Plaintiff does not dispute that she was . . . delinquent during the relevant time periods").

### vi. **Plaintiff fails to allege an inaccuracy in Experian's reporting of his Austin Capital Bank SSB account.**

Plaintiff alleges that Experian reported his Austin Capital Bank SSB tradeline "with derogatory payment history, including reported delinquency prior to closure." Am. Compl. ¶ 32. He again simply states that this "appears inaccurate, inconsistent, and materially misleading." *Id*. ¶ 34. Again, Plaintiff does not allege that he made any payments on time or that the account was not charged off, facts that would demonstrate some inaccuracy.

Thus, Plaintiff's § 1681e(b) claim fails because he does not plead any facts sufficient to establish an inaccuracy in Experian's reporting of his Austin Capital Bank SSB account. *See Hernandez-Diaz*, 2023 U.S. Dist. LEXIS 25368, at *5 ("General proclamations of inaccuracies without specific factual allegations results in legal conclusions and is insufficient to survive a motion to dismiss."); *Mason*, 2024 U.S. Dist. LEXIS 121884, at *7-8 (dismissing § 1681e(b) and § 1681i claims because plaintiff failed to "plead specific errors or inaccuracies" in his consumer report); *Bey*, 2021 U.S. Dist. LEXIS 88758, at *7 (dismissing FCRA claim for failure to "describe[] in clear and succinct terms whether he is claiming an inaccuracy and, if so, what it is."); *Frazier*, 2024 U.S. Dist. LEXIS 180162, at *12-13 (dismissing FCRA claim because plaintiff "does not allege what information the consumer report should show. That is, [plaintiff] does not make clear whether he was not late on the account at all, or whether he was late, but not sixty days late, or something else."); *Dye*, 2013 U.S. Dist. LEXIS 148834, at *7 (dismissing § 1681e(b) claim because "Plaintiff does not dispute that she was . . . delinquent during the relevant time periods").

### vii. **Plaintiff fails to allege an inaccuracy in Experian's reporting of his LOQBOX Finance LLC account.**

With respect to the LOQBOX FINANCE LLC tradeline, Plaintiff merely states it "reflects a negative payment history that Plaintiff disputes as inaccurate and misleading." Am. Compl. ¶ 35. Notably, he provides no factual allegations whatsoever to substantiate this claim. He entirely fails to specify what, if anything, is inaccurate about the reported "negative payment history." This is patently insufficient to establish a claim under the FCRA. *See Hernandez*-Diaz, 2023 U.S. Dist. LEXIS 25368, at \*5 ("General proclamations of inaccuracies without specific factual allegations results in legal conclusions and is insufficient to survive a motion to dismiss."); *Allison v. Early Warning Servs., LLC*, No. 23 CV 1140, 2023 U.S. Dist. LEXIS 251668, at \*3-5 (N.D. Ill. May 2, 2023) ("The assertion of inaccuracy, without more, amounts to a conclusory allegation that is not accepted as true when evaluating a motion to dismiss" and finding the plaintiff's allegation "that he 'notified [defendant] that he disputed the accuracy of the information it was reporting' and that (despite his efforts) '[i]naccurate information continued to be reported on plaintiff's consumer reports'" did not state a plausible claim for relief under § 1681i or § 1681e(b) because the plaintiff did not include any "factual support for these legal conclusions."); *Mason*, 2024 U.S. Dist. LEXIS 121884, at \*7-8 (dismissing § 1681e(b) and § 1681i claims because plaintiff failed to "plead specific errors or inaccuracies" in his consumer report); *Bey*, 2021 U.S. Dist. LEXIS 88758, at \*7 (dismissing FCRA claim for failure to "describe[] in clear and succinct terms whether he is claiming an inaccuracy and, if so, what it is."); *Frazier*, 2024 U.S. Dist. LEXIS 180162, at \*12-13 (dismissing FCRA claim because plaintiff "does not allege what information the consumer report should show. That is, [plaintiff] does not make clear whether he was not late on the account at all, or whether he was late, but not sixty days late, or something else."); *Dye*, 2013 U.S. Dist. LEXIS 148834, at \*7 (dismissing § 1681e(b) claim because "Plaintiff does not dispute that she was . . . delinquent during the relevant time periods").

### viii. **Plaintiff fails to allege an inaccuracy in Experian's reporting of his Lockhart Morris & Montgomery account.**

Plaintiff alleges that this tradeline is "reported as a collection account," and that he "disputes the accuracy, completeness, and reliability of the reporting associated with this account, including the balance and the existence and status of the alleged collection account." Am. Compl. ¶ 38. However, Plaintiff entirely fails to allege any facts in support of these conclusory allegations. In fact, he does not even attempt to allege that the account is improperly listed as a collections account, that it does not belong to him, or provide any information about how he believes the account should be reported.

Therefore, Plaintiff fails to establish an inaccuracy in Experian's reporting of this tradeline. *See Hernandez-Diaz*, 2023 U.S. Dist. LEXIS 25368, at *5 ("General proclamations of inaccuracies without specific factual allegations results in legal conclusions and is insufficient to survive a motion to dismiss."); *Allison*, 2023 U.S. Dist. LEXIS 251668, at *3-5 ("The assertion of inaccuracy, without more, amounts to a conclusory allegation that is not accepted as true when evaluating a motion to dismiss" and finding the plaintiff's allegation "that he 'notified [defendant] that he disputed the accuracy of the information it was reporting' and that (despite his efforts) '[i]naccurate information continued to be reported on plaintiff's consumer reports'" did not state a plausible claim for relief under § 1681i or § 1681e(b) because the plaintiff did not include any "factual support for these legal conclusions."); *Mason*, 2024 U.S. Dist. LEXIS 121884, at *7-8 (dismissing § 1681e(b) and § 1681i claims because plaintiff failed to "plead specific errors or inaccuracies" in his consumer report); *Bey*, 2021 U.S. Dist. LEXIS 88758, at *7 (dismissing FCRA claim for failure to "describe[] in clear and succinct terms whether he is claiming an inaccuracy and, if so, what it is.").

### ix.   Plaintiff fails to allege an inaccuracy in Experian's reporting of his KOVO INC. account.

Finally, Plaintiff claims the KOVO INC. tradeline "reflects derogatory information that Plaintiff disputes as inaccurate, incomplete, and misleading." Am. Compl. ¶ 40. Notably, he does not specify what information he believes is inaccurate, rendering his allegaions entirely conclusory and insufficient to establish an FCRA claim. *See Hernandez-Diaz*, 2023 U.S. Dist. LEXIS 25368, at *5 ("General proclamations of inaccuracies without specific factual allegations results in legal conclusions and is insufficient to survive a motion to dismiss."); *Allison*, 2023 U.S. Dist. LEXIS 251668, at *3-5 ("The assertion of inaccuracy, without more, amounts to a conclusory allegation that is not accepted as true when evaluating a motion to dismiss" and finding the plaintiff's allegation "that he 'notified [defendant] that he disputed the accuracy of the information it was reporting' and that (despite his efforts) '[i]naccurate information continued to be reported on plaintiff's consumer reports'" did not state a plausible claim for relief under § 1681i or § 1681e(b) because the plaintiff did not include any "factual support for these legal conclusions."); Mason, 2024 U.S. Dist. LEXIS 121884, at *7-8 (dismissing § 1681e(b) and § 1681i claims because plaintiff failed to "plead specific errors or inaccuracies" in his consumer report); *Bey*, 2021 U.S. Dist. LEXIS 88758, at *7 (dismissing FCRA claim for failure to "describe[] in clear and succinct terms whether he is claiming an inaccuracy and, if so, what it is.").

### B.  Plaintiff fails to allege the remaining elements of a § 1681e(b) claim.

Even assuming Plaintiff successfully pled a factual inaccuracy in Experian's reporting—which he has not and cannot—Plaintiff's § 1681e(b) claim independently fails because he has not alleged that any purported inaccuracies resulted from Experian's failure to maintain reasonable procedures, or that Experian's alleged inaccuracies caused him damages, i.e., the remaining elements of a § 1681e(b) claim. *Hupfauer v. CitiBank, N.A.*, No. 16 C 475, 2016 U.S.

Dist. LEXIS 112227, at *3 (N.D. Ill. Aug. 19, 2016) (quoting *Moline v. Experian Info. Sols., Inc.*, 289 F. Supp. 2d 956, 958 (N.D. Ill. 2003)) (finding that a claim under § 1681e(b) requires that a plaintiff plead and prove that: "(1) inaccurate information was included in his consumer credit reports; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) he suffered injury; and (4) the injury was caused by the inclusion of the inaccurate entry").

Plaintiff does not allege that Experian failed to follow reasonable procedures that resulted in any inaccurate information on his credit report, or allege any facts related to Experian's policies or procedures that were allegedly unreasonable. *See generally* Am. Compl. The Amended Complaint does not make any reference to Experian's procedures, other than its conclusory recitation of language from § 1681e(b). Nor does Plaintiff allege how a different procedure would have cured the alleged inaccuracies. Thus, Plaintiff's claim under § 1681e(b) fails and must be dismissed. *Shaw v. Early Warning Servs.*, No. 22-cv-451, 2022 U.S. Dist. LEXIS 193932, at *2 (W.D. Wis. Oct. 25, 2022) (dismissing FCRA claim because plaintiff failed to allege that defendant "failed to use 'reasonable procedures to assure maximum possible accuracy of the information' it allegedly reported"); *Alvarez v. Galpin Motors, Inc.*, 2022 U.S. Dist. LEXIS 84684, at *5 (C.D. Cal. May 10, 2022) (dismissing the FCRA claim against a CRA because Plaintiff failed to "allege any facts related to procedures or policies that were purportedly unreasonable, nor how [Defendant's] purported failure to follow reasonable procedures caused [Plaintiff] any damages"); *Carrafield v. TransUnion LLC*, No. 8:25-cv-01509, 2025 U.S. Dist. LEXIS 264139, at *4 (C.D. Cal. Dec. 15, 2025) ("Plaintiff's claims fail under § 1681e(b) because he does not specifically identify what information in his credit file was inaccurate [or] what Trans Union did to violate policies and procedures in the FCRA[.]"); *Smith v. TransUnion*, 24-cv-1727, 2025 U.S. Dist. LEXIS 84344, at

\*4 (S.D. Cal. May 1, 2025) (dismissing § 1681e(b) claim because Plaintiff failed to establish an inaccuracy and did not "identif[y] any unreasonable procedure").

Similarly, Plaintiff does not sufficiently allege damages. While Plaintiff alleges that he was denied credit based on Experian's reporting, he fails to allege anywhere in the Amended Complaint that the alleged inaccuracies *caused* those denials. *See* Am. Compl. For example, Plaintiff fails to refute the possibility that any reported delinquencies or charge offs – which he does not allege are themselves incorrect – were the cause of proper credit denials.

For these reasons, Plaintiff fails to state a § 1681e(b) claim upon which relief can be granted.

### C. Plaintiff's § 1681i claim also fails as a matter of law because Plaintiff fails to allege that Experian's reinvestigations were insufficient.

Even assuming Plaintiff sufficiently pleaded Experian's reporting was inaccurate, which he has not, his § 1681i claim would still fail because he fails to allege how Experian's reinvestigations were insufficient.

Under § 1681i(a)(1)(A), when a consumer properly disputes information on her credit report, Experian must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." Consequently, a Plaintiff must allege, and ultimately bears the burden to show, that Experian did not conduct a reasonable reinvestigation into her disputes. *See Norman Experian Info. Solutions, Inc.*, No. 3:12-CV-128, 2013 U.S. Dist. LEXIS 59163, at \*8-9 (N.D. Tex. Apr. 25, 2013) (listing elements a plaintiff "must prove" to establish a claim under § 1681i).

Although Plaintiff alleges that Experian continued to verify the disputed information as accurate and relied primarily on automated furnisher responses, Am. Compl. ¶¶ 45-46, continuing to report information even if it is disputed does not demonstrate that a credit reporting agency's reinvestigation was insufficient. Indeed, reporting is not inaccurate simply because the consumer dislikes it. *See Ketsenburg v. ChexSystems, Inc.*, No. 4:21-cv-220, 2022 U.S. Dist. LEXIS 24066,

15

at \*16 (E.D. Mo. Feb. 10, 2022) (dismissing plaintiff's § 1681i claim because he failed to "allege[] any facts to support his claim that [defendant CRA] performed an inadequate reinvestigation under the FCRA"); *Newcomb v. Trans Union* LLC, No. 3:25-CV-0361, 2025 U.S. Dist. LEXIS 212127, at \*9 (N.D. Tex. Oct. 28, 2025) (dismissing § 1681i claim when plaintiff failed to allege sufficient facts that defendant failed to conduct a reasonable reinvestigation into the alleged disputes); *Molton v. Experian Info. Sols., Inc.*, No. 02-CV-7972, 2004 U.S. Dist. LEXIS 659, at \*19 (N.D. Ill. Jan. 21, 2004) (finding that plaintiff could not establish a section 1681i claim as "no reasonable investigation on the part of [defendant] could have uncovered any inaccuracy in [the plaintiff's credit] report because there was never any factual deficiency in the report").

Thus, because Plaintiff also fails to allege how Experian's reinvestigations were improper, Plaintiff fails to state an actionable § 1681i claim and it must therefore be dismissed.

## CONCLUSION

Experian respectfully requests the Court grant its motion and dismiss Plaintiff's Amended Complaint because Plaintiff does not state a claim upon which relief can be granted. Moreover, because Plaintiff did not allege an inaccuracy with respect to the accounts at issue within the ambit of the FCRA, and because Plaintiff has already had an opportunity to amend, this Court should not afford Plaintiff leave to amend and should instead dismiss Plaintiff's Amended Complaint with prejudice.

Date:  May 15, 2026                          Respectfully submitted,


                                             */s/ Lauren E. Lacey*
                                             Lauren E. Lacey
                                             *Counsel for Experian Information Solutions, Inc*
                                             TROUTMAN PEPPER LOCKE LLP
                                             401 9th Avenue, Suite 1000
                                             Washington, DC 20004
                                             Telephone: 212-704-6068
                                             Email: lauren.lacey@troutman.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants. I further certify that I also served a copy via U.S. Mail to Plaintiff, who is appearing *pro se*, at the following address:

Raviah Stephens
7326 W Potomac Ave
Milwaukee, WI 53216
theeraiway@yahoo.com

*/s/ Lauren E. Lacey*
Lauren E. Lacey