U.S. DISTRICT COURT
STERN DISTRICT - WI
FILED

2026 JUN -4 P 3: 27

CLERK OF COURT

RAVIAH STEPHENS,

Plaintiff,

v.                                                        Case No. 2:26-cv-00363-WCG

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS

Plaintiff Raviah Stephens ("Plaintiff"), appearing pro se, respectfully submits this Opposition to Defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Dismiss.

## I. INTRODUCTION

1. Experian improperly attempts to characterize Plaintiff's allegations as conclusory while ignoring the detailed factual allegations contained throughout the Amended Complaint regarding materially misleading reporting, unreasonable reinvestigation procedures, and resulting harm.

2. This case is not merely about whether certain accounts appeared on Plaintiff's credit report.

3. The issue is whether Experian reported Plaintiff's accounts in a materially misleading manner and whether Experian conducted a reasonable reinvestigation after Plaintiff specifically disputed the misleading nature, presentation, and effect of the reporting.

4. Plaintiff alleged that Experian reported multiple tradelines in a manner that exaggerated the present nature, severity, and continuing effect of historical derogatory information, including charge-off reporting, derogatory payment histories, collection reporting, internally inconsistent account information, and reporting that failed to clearly distinguish historical account events from present account conditions.

5. Plaintiff further alleged that Experian failed to conduct a reasonable reinvestigation pursuant to 15 U.S.C. § 1681i after receiving Plaintiff's disputes, improperly relied upon automated verification procedures and furnisher responses, failed to independently evaluate whether the reporting created materially misleading impressions, and continued reporting the disputed information despite Plaintiff's challenges.

6. As a direct result of Experian's reporting, Plaintiff suffered adverse credit consequences, diminished creditworthiness, emotional distress, frustration, embarrassment, reputational harm, and financial injury.
7. Plaintiff also received adverse credit decisions after Experian furnished the disputed reporting to third parties.
8. At the pleading stage, Plaintiff is not required to conclusively prove liability or establish the ultimate merits of the claims.
9. Rather, Plaintiff must plausibly allege entitlement to relief.
10. Accepting Plaintiff's allegations as true, Plaintiff has sufficiently alleged plausible claims under 15 U.S.C. §§ 1681e(b), 1681i, 1681n, and 1681o.
11. Accordingly, Defendant's Motion to Dismiss should be denied.

## II. LEGAL STANDARD

12. When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff.
13. A complaint need only contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662 (2009).
14. Courts construe pro se pleadings liberally and hold them to less stringent standards than formal pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89 (2007).
15. At the pleading stage, the Court does not weigh evidence, resolve factual disputes, or determine the ultimate merits of the claims.
16. The reasonableness of a consumer reporting agency's procedures and reinvestigation generally presents a factual issue inappropriate for resolution on a motion to dismiss. Guimond v. Trans Union Credit Information Co., 45 F.3d 1329 (9th Cir. 1995).
17. Likewise, whether reporting creates materially misleading impressions upon reasonable users of consumer reports is generally a factual issue unsuitable for dismissal at the pleading stage.

## III. ARGUMENT

A. Plaintiff Has Plausibly Alleged Inaccurate and Materially Misleading Reporting

18. Defendant argues that Plaintiff failed to identify actionable inaccuracies. Plaintiff respectfully disagrees.

19. At the pleading stage, Plaintiff need only allege sufficient facts to plausibly suggest that the reported information was inaccurate or materially misleading. Information may be inaccurate under the Fair Credit Reporting Act when it is either factually incorrect or materially misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. See Chuluunbat v. Experian Information Solutions, Inc., 4 F.4th 562, 567 (7th Cir. 2021).

20. Plaintiff's Amended Complaint identifies specific tradelines, specific reporting practices, and specific reasons why the reporting could mislead reasonable users of consumer reports.

21. Plaintiff does not merely allege that the accounts were negative. Rather, Plaintiff alleges that the manner in which the accounts were reported created false impressions concerning present credit risk, current delinquency status, and overall creditworthiness.

22. Plaintiff further alleges that the reporting failed to accurately distinguish historical account events from present account conditions.

23. Plaintiff identified the following disputed tradelines: Educators Credit Union, Kikoff Lending LLC, Navy Federal Credit Union, OpenSky Capital Bank, Self Financial/Lead Bank, Austin Capital Bank SSB, LOQBOX Finance LLC, Lockhart Morris & Montgomery, and KOVO Inc.

## EDUCATORS CREDIT UNION

24. Plaintiff alleged that Experian reported the Educators Credit Union account with multiple derogatory late-payment notations and delinquency reporting.
25. The reporting creates the false impression that Plaintiff remains in ongoing financial distress despite the derogatory information relating to historical account activity.
26. As reported, the tradeline emphasizes historical delinquency while failing to accurately communicate Plaintiff's present financial condition.
27. The reporting therefore exaggerates Plaintiff's current credit risk and overstates the significance of historical payment events.
28. Plaintiff specifically disputed the reporting and requested that Experian conduct a reasonable reinvestigation.
29. Experian nevertheless verified and continued reporting the disputed information.
30. These allegations plausibly establish materially misleading reporting under the Fair Credit Reporting Act.

## KIKOFF LENDING LLC

31. Plaintiff alleged that Experian reported the Kikoff Lending account with charge-off information and derogatory payment history.
32. A charge-off is a historical accounting event.
33. The reporting creates the false impression that Plaintiff remains engaged in continuing default activity despite the charge-off reflecting a past event.
34. As reported, the tradeline exaggerates the present severity of the account and overstates Plaintiff's current credit risk.
35. The reporting fails to clearly distinguish historical derogatory information from the account's present condition.
36. Plaintiff disputed the reporting because it creates a materially misleading impression regarding Plaintiff's creditworthiness.

37. Experian nevertheless continued reporting the disputed information as verified.

NAVY FEDERAL CREDIT UNION

38. Plaintiff alleged that Experian reported the Navy Federal Credit Union account with a charge-off designation and extensive derogatory payment history.
39. The reporting creates the false impression that Plaintiff remains engaged in ongoing delinquent conduct despite the charge-off reflecting a historical accounting event.
40. As reported, the tradeline overstates the present severity of the account and exaggerates Plaintiff's current credit risk.
41. The reporting fails to adequately distinguish historical derogatory events from the account's present condition.
42. Plaintiff specifically disputed the reporting and requested documentation supporting the continued reporting of the account.
43. Experian nevertheless verified and continued reporting the disputed information.
44. These allegations plausibly establish materially misleading reporting under the Fair Credit Reporting Act.

OPENSKY CAPITAL BANK

45. Plaintiff alleged that Experian reported the OpenSky account with charge-off status and continuing derogatory payment history.
46. The reporting creates the false impression that Plaintiff remains in active default despite the charge-off representing a historical event.
47. The tradeline exaggerates the duration and severity of the alleged derogatory activity.
48. The reporting fails to accurately distinguish historical account events from the account's present status.
49. Plaintiff disputed the reporting because it creates a materially misleading impression concerning Plaintiff's current financial condition.
50. Experian nevertheless continued reporting the disputed information.

SELF FINANCIAL / LEAD BANK

51. Plaintiff alleged that Experian reported the Self Financial account as "Paid" and "Closed" while simultaneously reporting derogatory payment information.
52. The reporting creates an internally inconsistent impression regarding the account's true status.
53. A consumer reviewing the tradeline could reasonably conclude that the account remains problematic despite being reported as paid and closed.
54. The reporting fails to clearly distinguish historical payment activity from the account's present condition.
55. Such internally inconsistent reporting is capable of misleading users of consumer reports.
56. Plaintiff therefore plausibly alleges materially misleading reporting.

AUSTIN CAPITAL BANK SSB

57. Plaintiff alleged that Experian reported derogatory payment history associated with the Austin Capital Bank account.
58. The reporting creates the false impression that Plaintiff remains financially unstable by emphasizing historical payment events without adequately communicating the account's present condition.
59. The tradeline overstates Plaintiff's current credit risk and exaggerates the significance of historical account activity.
60. Plaintiff disputed the reporting because it failed to accurately communicate Plaintiff's present creditworthiness.
61. Experian nevertheless continued reporting the disputed information as verified.

LOQBOX FINANCE LLC

62. Plaintiff alleged that Experian reported negative payment history concerning the LOQBOX account.
63. Plaintiff disputed the completeness, accuracy, and presentation of the reported information.
64. The reporting creates a materially misleading impression regarding Plaintiff's current payment performance and present credit risk.
65. As reported, the tradeline emphasizes historical derogatory information without adequately distinguishing past account activity from current account status.
66. Plaintiff requested verification and reinvestigation of the disputed reporting.
67. Experian nevertheless continued reporting the account as verified.

LOCKHART MORRIS & MONTGOMERY

68. Plaintiff alleged that Experian reported a collection account associated with Lockhart Morris & Montgomery.
69. Collection accounts communicate to creditors that a consumer presently owes a valid and enforceable debt that has been placed into collections.
70. Plaintiff disputed the existence, ownership, balance, status, and completeness of the reported collection account.
71. Plaintiff requested verification demonstrating the legal basis for continued reporting.
72. Experian nevertheless continued reporting the collection account as verified.
73. The reporting creates the false impression that Plaintiff presently owes a fully verified collection obligation despite Plaintiff's disputes regarding the account.
74. Such reporting directly impacts lending decisions and Plaintiff's perceived creditworthiness.
75. These allegations plausibly establish materially misleading reporting under the Fair Credit Reporting Act.

KOVO INC.

76. Plaintiff alleged that Experian reported derogatory information concerning the KOVO account.

77. Plaintiff disputed the completeness, accuracy, and reliability of the reporting.

78. The reporting creates a misleading impression concerning Plaintiff's present creditworthiness and payment performance.

79. The tradeline overstates Plaintiff's current credit risk by emphasizing historical derogatory information without adequately distinguishing past events from present account status.

80. Plaintiff specifically disputed the reporting and requested reinvestigation.

81. Experian nevertheless continued reporting the information as verified.

82. Taken together, Plaintiff identified specific accounts and specific reasons why the reporting creates materially misleading impressions upon reasonable users of consumer reports.

## B. Plaintiff Has Plausibly Alleged an Unreasonable Reinvestigation

83. Defendant also argues that Plaintiff failed to plausibly allege a violation of 15 U.S.C. § 1681i.

84. Plaintiff alleged that Experian received detailed disputes challenging both the accuracy and the misleading nature of the reporting.

85. Plaintiff further alleged that Experian continued reporting the disputed information following its reinvestigation.

86. Plaintiff's allegations are not limited to the existence of the accounts. Plaintiff specifically challenged how the information was being presented and the misleading impressions allegedly created by the reporting.

87. Plaintiff alleges that Experian relied heavily upon automated dispute processing and furnisher responses without adequately addressing the substance of Plaintiff's concerns regarding the presentation and effect of the reporting.

88. Plaintiff further alleges that Experian failed to provide sufficient information demonstrating how the disputed reporting was independently verified.

89. Plaintiff requested that Experian conduct a meaningful investigation, review underlying account-level documentation, and determine whether the reporting created materially misleading impressions upon reasonable users of consumer reports.

90. Instead, Experian allegedly verified the disputed information and continued reporting the tradelines without adequately addressing the specific concerns raised in Plaintiff's disputes.

91. Plaintiff further alleges that Experian failed to identify the documentation relied upon to verify the disputed reporting.

92. Whether Experian's reinvestigation procedures were reasonable under the circumstances is a fact-intensive inquiry.

93. Discovery is necessary to determine what documents were reviewed, what information was provided by furnishers, whether any independent review occurred, and whether Experian's procedures complied with the FCRA.

94. Plaintiff has not received the ACDV communications, e-OSCAR records, furnisher responses, internal dispute notes, method-of-verification records, or account-level investigation materials relied upon by Experian.

95. Those materials are uniquely within Experian's possession and are necessary to evaluate the reasonableness of Experian's reinvestigation and reporting procedures.

96. Accordingly, dismissal prior to discovery would be premature.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Experian Information Solutions, Inc.'s Motion to Dismiss in its entirety.

Plaintiff has plausibly alleged materially misleading reporting, an unreasonable reinvestigation, and resulting damages under the Fair Credit Reporting Act.

Alternatively, should the Court determine that additional factual specificity is required, Plaintiff respectfully requests leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a).

Dated: _June 4th_, 2026

Respectfully submitted,

RAVIAH STEPHENS
Plaintiff, Pro Se
7326 W. Potomac Avenue
Milwaukee, WI 53216
theeraiway@yahoo.com