## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

RAVIAH STEPHENS,

        Plaintiff,

        v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

        Defendant.

Case No. 2:26-cv-00363-WCG

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

## INTRODUCTION

Plaintiff's Opposition confirms the threshold deficiency identified in Experian's opening memorandum: across nine tradelines, Plaintiff still does not identify a single concrete fact that is wrong. He offers no nonconclusory facts showing that any account is not his, that any charge-off or delinquency did not occur, that any payment reported as late was timely made, or that any furnisher provided corrected information Experian ignored. Instead, his Opposition reframes the claims around a theory that accurate negative information is "materially misleading" because it fails to "clearly distinguish historical account events from present account conditions." Opp. ¶¶ 3–4. That reframing does not state a claim. "[A] threshold requirement for claims under both sections [1681e(b) and 1681i] is that there must be an inaccuracy in the consumer's credit report." *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 567 (7th Cir. 2021). Plaintiff's Opposition does not supply one.

<u>**ARGUMENT**</u>

**I.      Plaintiff Still Does Not Plead an Actionable Inaccuracy.**

For each tradeline, the Opposition follows the same pattern: Plaintiff acknowledges that derogatory information—charge-offs, late payments, collection status—was reported, then asserts the reporting "exaggerates" his "current credit risk" or creates a "false impression" of "ongoing financial distress." Opp. ¶¶ 24–81. But he never alleges the underlying facts are false. He offers no nonconclusory facts showing that any collection account is not his, is invalid, or has an incorrect balance or status. Labeling accurate information as "misleading" without identifying a false fact is a legal conclusion the Court need not accept. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II.     The "Historical vs. Current" Theory Does Not Cure the Pleading Defect.**

As an initial matter, Plaintiff cannot amend the Amended Complaint through his Opposition. *See Agnew v. NCAA*, 683 F.3d 328, 348 (7th Cir. 2012). Even considering Plaintiff's new "historical versus current" framing, the Opposition still identifies no false reported fact. Plaintiff invokes *Chuluunbat*'s observation that information may be actionable when "materially misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Opp. ¶ 19 (citing 4 F.4th at 567). But even under that standard, a plaintiff must identify what the report says that is false or what it should say instead. Plaintiff does neither. At most, Plaintiff points to historical late-payment, charge-off, and collection information and complains about its effect on current credit risk; he does not allege that the historical events did not occur or that Experian omitted any present-status information that would change their meaning. His theory that the mere existence of accurate negative data "overstates" risk is not a cognizable claim of inaccuracy; it is a disagreement with the consequences of truthful reporting. And regardless, the Seventh Circuit rejected a similar "current versus historical delinquency" theory in *Frazier v.*

2

*Equifax Info. Servs., LLC*, holding that reporting must be reviewed in context and that historical delinquency information was not materially misleading where the report also reflected the account's closed/paid status. 112 F.4th 451, 456–58 (7th Cir. 2024).

### III.     The § 1681e(b) Claim Independently Fails.

Even if Plaintiff had pleaded an inaccuracy, his § 1681e(b) claim fails because he does not allege what procedures Experian followed, how those procedures were unreasonable, or how a different procedure would have prevented any purported inaccuracy. *See Shaw v. Early Warning Servs.*, 2022 U.S. Dist. LEXIS 193932, at *2 (W.D. Wis. Oct. 25, 2022). Nor does he connect any specific false reported item to his alleged credit denials. The Opposition does not address these independent deficiencies.

### IV.     The § 1681i Reinvestigation Claim Remains Insufficient.

Plaintiff argues Experian's reinvestigation was unreasonable because it "relied heavily upon automated dispute processing and furnisher responses." Opp. ¶ 87. But verifying information that a furnisher confirms as accurate does not demonstrate an unreasonable reinvestigation—particularly where no inaccuracy has been plausibly pleaded. *See Molton v. Experian Info. Sols., Inc.*, 2004 U.S. Dist. LEXIS 659, at *19 (N.D. Ill. Jan. 21, 2004) ("no reasonable investigation on the part of [defendant] could have uncovered any inaccuracy" where "there was never any factual deficiency in the report"). Plaintiff's desire for discovery into ACDV records and e-OSCAR materials does not excuse the threshold requirement that he first state a plausible claim. *Iqbal*, 556 U.S. at 678–79. Plaintiff's citation to *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329 (9th Cir. 1995), is inapposite. The Court never reaches the reasonableness inquiry where the complaint fails to plead the threshold element of inaccuracy. Section 1681i requires a reinvestigation "to determine whether the disputed information is inaccurate," 15 U.S.C. §

3

1681i(a)(1)(A), and the Seventh Circuit has held that liability under both § 1681e(b) and § 1681i(a) "depends on inaccurate information." *Frazier*, 112 F.4th at 455–56 (quoting *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 811 (7th Cir. 2023)); *see also Chuluunbat*, 4 F.4th at 567. Because Plaintiff has not alleged any inaccurate information, his § 1681i claim must fail.

## V.     Dismissal with Prejudice Is Warranted.

Plaintiff alternatively requests leave to file a Second Amended Complaint. Opp. at 7. That request should be denied. Plaintiff has already amended once, and his Opposition makes clear that his grievance is with the *effect* of accurate reporting—not with any false fact. No amount of re-pleading can transform that theory into a cognizable FCRA claim. *Arlin-Golf, LLC v. Vill. of Arlington Heights,* 631 F.3d 818, 823 (7th Cir. 2011) (affirming dismissal with prejudice and denial of leave to amend where plaintiffs could not cure deficiencies and amendment would be futile). Because further amendment would be futile, dismissal with prejudice is appropriate.

## <u>CONCLUSION</u>

For the foregoing reasons, Experian respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's Amended Complaint with prejudice.

4

Dated: June 18, 2026                     Respectfully submitted,

 /s/ Tanya M. Salman
Tanya M. Salman, SBN 1089151
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
Madison, WI  53703
Telephone:  (608) 283-0122
Facsimile:  (608) 283-2275
tmsalman@michaelbest.com

Adam J. Lowe, SBN 1112799
MICHAEL BEST & FRIEDRICH LLP
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Telephone:  (414) 271-6560
Facsimile:  (414) 277-0656
ajlowe@michaelbest.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served via US

Mail on June 18, 2026 on the following individual:

Raviah Stephens
7326 W. Potomac Ave.
Milwaukee, WI 53216

/s/ Tanya M. Salman
Tanya M. Salman

6