RAVIAH STEPHENS,

        **Plaintiff,**

        **v.**                     **Case No. 26-C-363**

EXPERIAN INFORMATION
SOLUTIONS, INC.,

        **Defendant.**

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Raviah Stephens, proceeding *pro se* and *in forma pauperis*, commenced this action in which he claims that Defendant Experian Information Solutions, Inc., issued a credit report containing inaccurate, incomplete, and materially misleading information concerning his loan accounts in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*., resulting in the denial of loan applications, financial harm, and emotional distress. In its order granting Plaintiff's motion to proceed *in forma pauperis*, the court dismissed his original complaint without prejudice for failure to state a claim. Plaintiff filed an amended complaint on March 13, 2026. The case is now before the court on Defendant's motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion will be granted.

### ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff, a resident of Milwaukee, alleges that several credit tradelines in his Experian consumer credit report contained information that was "inaccurate, incomplete, inconsistent, and materially misleading." Am. Compl. at 2–4, Dkt. No. 5. Plaintiff requested that Defendant reinvestigate and correct the allegedly inaccurate information. *Id.* ¶ 43. Plaintiff claims that

Defendant verified the disputed information as accurate and continued reporting the tradelines as derogatory. *Id.* ¶ 45. Plaintiff alleges that Defendant relied primarily on automated verification procedures instead of independently reviewing the pertinent documentation. *Id.* ¶ 46. Plaintiff argues that Defendant thus ran afoul of the FCRA's requirement of conducting a reasonable reinvestigation of disputed information. *Id.* ¶¶ 44, 47. Plaintiff alleges that due to Defendant's conduct, he was denied credit, thus incurring financial harm, damage to credit reputation, emotional distress, and loss of credit opportunities. *Id.* ¶¶ 49–50. Plaintiff argues that Defendant (1) violated 15 U.S.C. § 1681i, by failing to conduct a reasonable reinvestigation and (2) violated 15 U.S.C. § 1681e(b), by failing to maintain reasonable procedures to ensure accuracy. *Id.* ¶¶ 52–59. Plaintiff requests actual, statutory, and punitive damages as well as litigation costs. *Id.* at 5.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss, the court accepts the facts in Plaintiff's amended complaint as true and views them in the light most favorable to Plaintiff. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Supreme Court has held, however, that a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he or she must plead "more than labels and conclusions." *Id.* A plaintiff must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* A plaintiff need not provide specific facts, but only "fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93

2

(2007) (cleaned up). In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *See Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

## ANALYSIS

The FCRA allows consumers to present disputes regarding their credit reports to consumer reporting agencies (CRAs). 15 U.S.C. § 1681i(a)(1). The CRA is then required to conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate," 15 U.S.C. § 1681i(a)(1)(A), considering "[a]ll relevant information submitted by the consumer." *Id.* § 1681i(a)(4). "If the reinvestigation does not resolve the dispute," § 1681i(b) allows a consumer to "file a brief statement setting forth the nature of the dispute." If a consumer elects to do so, "unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof." *Id.* § 1681i(c). Negligent violations of these provisions are actionable under § 1681o; willful violations carry additional penalties and are actionable under § 1681n. *Chaitoff v. Experian Information Solutions, Inc.*, 79 F.4th 800, 809 (7th Cir. 2023).

Plaintiff has asserted two claims under the FCRA against Experian: (1) failure to conduct a reasonable reinvestigation in violation of 15 U.S.C. § 1681i and (2) failure to ensure maximum possible accuracy in violation of 15 U.S.C. § 1681e(b). Am. Compl. at 4–5. Ultimately, a plaintiff must demonstrate an inaccuracy in the CRA's reporting in order to prevail on a claim under § 1681i or § 1681e(b). *Frazier v. Equifax Information Services, LLC*, 112 F.4th 451, 455 (7th Cir. 2024)

3

("Equifax's liability under both § 1681e(b) and § 1681i(a) depends on inaccurate information—if the credit report is accurate, [Frazier] has suffered no damages." (internal quotation marks and citation omitted)). At the pleading stage, the complaint must at least allege that material information is false in order for an FCRA claim to be plausible. *Denan v. Trans Union LLC*, 959 F.3d 290, 293–94 (7th Cir. 2020).

Plaintiff repeats throughout the amended complaint that he disputes the accuracy, completeness, and reliability of the information associated with his tradelines. Am. Compl. ¶¶ 18, 21, 24, 27, 33, 38, 40. Plaintiff does not, however, state specifically why any of the information in the report is inaccurate. For example, with respect to a Navy Federal Credit Union account, the amended complaint alleges that "this account is reported with a charge-off status and significant derogatory payment history" and that Plaintiff "disputes the accuracy, completeness, and reliability of the information being reported regarding this account, including the payment history, account status, and balance." *Id.* ¶¶ 23–24. The amended complaint further alleges, "The reporting of extending delinquency and charge-off information creates a materially misleading impression regarding Plaintiff's credit history and creditworthiness." *Id.* ¶ 25. What is missing, however, is any explanation of how or why the information is inaccurate, incomplete, or misleading. In other words, the amended complaint does not allege how the Navy account balance or payment history differ in reality from how they appear on the report. Nor does it allege that the account was not in fact charged off. Experian is correct:

> Plaintiff never identifies a single concrete fact in any tradeline that is actually wrong—he does not allege that any account is not his, that any charge-off or delinquency did not occur, that any payment reported as late was made on time, or that any furnisher provided Experian with corrected information that Experian ignored. Instead, he offers only labels and conclusions that the accounts "appear inaccurate" or "misleading," without factual support.

Def.'s Br. at 1–2, Dkt. No. 13.

4

Vague and conclusory allegations of this kind are seemingly intended more to obfuscate than to disclose the factual underpinnings of Plaintiff's claim. Such general, conclusory allegations are not sufficient to nudge the complaint over the plausibility line needed to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing *Twombly*, 550 U.S. at 555)). Even the more generous pleading regime of *Conley v. Gibson*, since abrogated by *Twombly* and *Iqbal*, required a plaintiff to provide the defendant not only with "fair notice of what the plaintiff's claim is" but also "*the grounds upon which it rests*." 355 U.S. 41, 47 (1957) (emphasis added), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff's vague allegations do not provide Defendant with notice of the grounds upon which his claim of inaccuracy rests and so do not suffice to state a claim under Rule 12(b)(6). *See Eiland v. Trans Union, LLC*, No. 22-cv-00300, 2024 WL 1250178, at *3 (N.D. Ill. Mar. 22, 2024) ("[Plaintiff's] claim against Trans Union fails for a very basic reason: [he] has not described [the inaccuracies] in clear and succinct terms. Failure to state the inaccuracies deprives Trans Union of fair notice of the claims against it." (internal quotation marks and citations omitted)).

In his brief in opposition to Defendant's motion, Plaintiff elaborates on the allegations of his amended complaint. With respect to his Navy Federal Credit Union account, for example, he states:

> 38. Plaintiff alleged that Experian reported the Navy Federal Credit Union account with a charge-off designation and extensive derogatory payment history.

> 39. The reporting creates the false impression that Plaintiff remains engaged in ongoing delinquent conduct despite the charge-off reflecting a historical accounting event.

> 40. As reported, the tradeline overstates the present severity of the account and exaggerates Plaintiff's current credit risk.

5

41. The reporting fails to adequately distinguish historical derogatory events from the account's present condition.

42. Plaintiff specifically disputed the reporting and requested documentation supporting the continued reporting of the account.

43. Experian nevertheless verified and continued reporting the disputed information.

44. These allegations plausibly establish materially misleading reporting under the Fair Credit Reporting Act.

Pl.'s Resp. Br. at 4, Dkt. No. 15. Plaintiff offers similar assertions as to each of the other seven accounts that he claims were inaccurately reported. As to each, however, Plaintiff states not that the information reported is false but that it is misleading because "[t]he reporting fails to accurately distinguish historical account events from the account's present status," using the same or similar terminology.

But "claims for 'multiple charge-offs' corresponding to a single underlying debt do not plausibly state a claim under the FCRA." *Mohammed v. Citibank, N.A.*, No. 21-CV-2703, 2023 WL 12193811, at *2 n.1 (N.D. Ill. Mar. 30, 2023) (collecting cases); *see also Whitted v. Transunion, LLC*, No. 4:26-CV-18-GSL-JEM, 2026 WL 814479, at *2 (N.D. Ind. Mar. 6, 2026) ("Multiple notations of charge-offs of the same report over time are not an actionable inaccuracy."). The same is true for claims based on a consumer's payment history. Plaintiff does not contend that the payment history shown in his credit report was inaccurate; instead, he argues that the report "creates the false impression that Plaintiff remains financially unstable by emphasizing historical payment events without adequately communicating the account's present condition." Pl.'s Resp. Br. at 5. But, again, Plaintiff fails to allege any facts that support the conclusory assertion in his brief that the report "creates the false impression that Plaintiff remains financially unstable" and fails to communicate "the account's present condition." A consumer's payment history on an account is relevant to the decision to extend credit. Absent more, an

accurate statement of a consumer's payment history thus does not violate either 15 U.S.C. § 1681e(b) or 15 U.S.C. § 1681i(a). *Denan*, 959 F.3d at 292. The FCRA does not provide a remedy for consumers who simply do not like the way their credit history is accurately reported.

## CONCLUSION

For these reasons, Defendant's motion to dismiss Plaintiff's amended complaint for failure to state a claim (Dkt. No. 12) is **GRANTED**. Even though Plaintiff was previously allowed to amend, he will be given one last opportunity to do so, assuming he has a good faith basis, since the prior dismissal was by the court *sua sponte*. If Plaintiff fails to file a second amended complaint by July 30, 2026, the action will be dismissed with prejudice.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of June, 2026.

William C. Griesbach
United States District Judge

7